IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Kenneth Green, #161009, ) | |
| ) | C.A. No. 9:05-0071-HMH-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Shair Hinson; Cpl. Page; Sgt. Mendez; Maj. ) | |
| Neasman; Lt. Hardwell, A/W Dunlap; ) | |
| Wardem Falkenberry; David M. Tatarsky; ) | |
| Kelli G. Maddux, Robert E. Petersen; Mary ) | |
| Davenport Anderson; Jon E. Ozmint; Susan ) | |
| M. Johnson; and Henry B. Richardson, Jr., ) | |
| each in their individual capacity, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.[1] Kenneth Green ("Green"), a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983. Magistrate Judge Kosko recommends dismissing Green's case without prejudice.[2] Green filed objections to the Report and Recommendation. For the reasons below, the court adopts the Magistrate Judge's Report and Recommendation and dismisses Green's case.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Magistrate Judge Kosko directed the Clerk of Court to not authorize the issuance and service of process in this case.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Green is currently incarcerated at Ridgeland Correctional Institution, but was incarcerated at Kershaw Correctional Institution during the events relevant to this lawsuit. On January 12, 2005, Green filed a complaint pursuant to 42 U.S.C. § 1983 in which he alleged violations to his civil rights. Thereafter, Magistrate Judge Kosko issued a Report and recommended dismissal of Green's action. The Magistrate Judge found that Green "struck out" under the Prisoner Litigation Reform Act ("PLRA") of 1996, and could not proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); (Rept. at 2-3). In this respect, Magistrate Judge Kosko concluded that Green failed to make a sufficient showing that he was in imminent danger of serious physical injury. (Id. at 3.) The Magistrate Judge therefore recommended dismissing Green's action without prejudice.

### II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Green filed objections to the Report and Recommendation. After review, however, the court finds that the majority of Green's objections are unspecific, unrelated to the dispositive

2

portions of the Magistrate Judge's Report, and merely restate his claims.  However, the court was able to glean one specific objection.

Green argues that he is in imminent danger.  However, Green's argument is unsupported by conduct or circumstances that would give rise to the inference that he is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g); see, e.g., McAlphin v. Toney, 281 F.3d 709, 711 (8th Cir. 2002) (finding prisoner's allegations that he was in imminent danger of serious physical injury sufficient when he alleged that (1) he had five teeth extractions that were unconstitutionally delayed; (2) he needed two more extractions; (3) he was in substantial pain and was at risk of an infection spreading; and (4) he was being treated with "deliberate indifference to his serious medical needs").

Green alleges that he was attacked with an MK-9 chemical munition on November 4, 2004 ("November incident"), in retaliation for attempting to litigate about the "racistly [sic] horrendous & corrupt conditions & circumstances of [his] confinement," and that he was warned that he would be attacked every time that he attempts to litigate about the actions of Lt. Hardwell.  (Obj. at 7.)  In his objections, Green reasserts that he has been denied access to the courts, threatened, attacked, assaulted, tortured, and told that he will be attacked every time that he attempts to litigate about Lt. Hardwell's actions.  (Obj. at 2, 4, 7.)

Green's allegations that he is being denied access to the courts do not establish that he is in imminent danger of serious physical injury.  Further, although Green claims that he has been threatened and tortured, Green has alleged facts concerning only one incident of being sprayed with gas, which occurred on November 4, 2004, and one alleged threat.  As the Magistrate Judge noted, these allegations do not support a finding that Green is under imminent danger of serious physical injury.  (Rept. at 2.)  The mere reference to "isolated

past injuries" does not support a finding that a prisoner is under imminent danger of immediate harm. See Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(g) . . . .").

The November incident occurred two months before Green filed the complaint, and Green alleges insufficient facts to support the inference that he is in imminent danger of it recurring. Moreover, Green offers no details of the November incident or independent evidence to support his allegation that it was in retaliation for attempting to pursue litigation. In fact, Green attached an incident report to his complaint which explains that Green was gassed because he refused to remove his hand from the food flap in his cell, preventing prison administrators from securing the flap. (Compl. Ex. 1 (Incident Rept.).)  Additionally, even if the court assumes that Green was threatened for raising claims concerning Lt. Hardwell, Green has not informed the court that he has other claims against Lt. Hardwell or given the court reason to believe that he will have such claims in the future.  Hence, Green's claims that he was attacked for litigating and that he will be attacked for raising claims against Lt. Hardwell fail to establish that he was under imminent danger of serious physical injury when he filed the instant complaint on January 12, 2005. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999); Banos v. O'Guin, 144 F.3d 883, 884-85 (5th Cir. 1998) (per curiam); Ashley, 147 F.3d at 717.  As such, the court finds that Green's objection is without merit.  Therefore, after a thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that Green's action is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 18, 2005

### NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.